UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ZACHARY KREWINGHAUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18 CV 377 DDN |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Deputy Commissioner of Operations, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM**

This action is before the court for judicial review of the final decision of the defendant Commissioner of Social Security finding that plaintiff Zachary Krewinghaus was not disabled and thus not entitled to disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, or Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381-1385. The parties have consented to the exercise of plenary authority by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the decision of the Administrative Law Judge ("ALJ") is reversed and remanded.

### **I. BACKGROUND**

Plaintiff was born on August 13, 1981, and filed an application for DIB on March 30, 2015, and an application for SSI on October 11, 2016. (Tr. 23, 84). He alleged a disability onset date of June 3, 2014, due to brachial artery aneurism in the left arm, gangrene, blood clots, vertebral compression, and a broken back. (Tr. 84). His date last insured for purposes of DIB was December 31, 2014. (Tr. 84). Plaintiff's application was denied at the initial administrative level, and he filed a request for a hearing. (Tr. 93-

97). An evidentiary hearing was held on November 14, 2016, before an ALJ. (Tr. 37-82). The ALJ issued a decision on March 15, 2017, finding no disability, because, considering plaintiff's age, education, work experience, and residual functional capacity ("RFC"), jobs that he could perform exist in significant numbers in the national economy. (Tr. 23-32). Plaintiff filed a request for review of the hearing decision with the Appeals Council, which was denied, thus exhausting all administrative remedies. (Tr. 1-6). The ALJ's decision stands as the final decision of the Commissioner.

Plaintiff argues that the ALJ's decision was not supported by substantial evidence in the record. Specifically, he argues that the ALJ improperly determined plaintiff's residual functional capacity ("RFC"), because the ALJ did not have any evidence from a medical source that specifically addressed plaintiff's limitations. (Doc. 16). Additionally, plaintiff claims that the ALJ improperly discredited plaintiff's subjective reports. (*Id.*). Plaintiff asks that the ALJ's decision be reversed and remanded for an award of benefits or for further evaluation.

### A. **Medical Record and Evidentiary Hearing**

The court adopts plaintiff's Statement of Material Facts (Doc. 16, Ex. 1) as clarified by defendant's response (Doc. 21, Ex. 1) in addition to defendant's Statement of Additional Facts (Doc. 21, Ex. 1). Together, these facts represent a fair and accurate summary of the medical record and testimony as given at the evidentiary hearing. The court will discuss relevant facts as necessary to address the parties' arguments.

### B. **ALJ's Decision**

On March 15, 2017, the ALJ issued a decision that plaintiff was not disabled under the Social Security Act. He found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of June 3, 2014, through the date last insured of December 31, 2014. (Tr. 25). He found plaintiff had the severe impairments of left brachial aneurysm and amputation of left fingertips secondary to gangrene. (Tr. 25). The ALJ found that none of these impairments, individually or in combination, met or

medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 26-27). After reviewing the evidence, the ALJ found that through plaintiff's date last insured, he had the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except lifting and carrying is limited to 10 pounds frequently and 20 pounds occasionally; standing or walking is limited to 6 hours per 8-hour workday; sitting is limited to 6 hours per 8-hour workday; can stand or walk up to 120 minutes at any one time; can sit up to 120 minutes at any one time; requires a stretch break of up to 2 minutes every 60 minutes; no pushing or pulling with the left dominant upper extremity; no climbing of ropes, ladders and scaffolds; pushing and pulling of the right upper extremity is limited to occasional; climbing of ramps and stairs is limited to occasional; stooping, crouching and squatting are limited to occasional; no kneeling or crawling; can only reach occasionally with the left upper extremity; reaching with the right upper extremity is limited to frequent; no reaching above the shoulder with the left upper extremity; manipulative limitations bilaterally are limited to frequent, except handling with the left upper extremity is limited to occasional; gripping and grasping wrist movements are limited bilaterally to frequent; cannot power grip with the left upper extremity, power gripping defined as a grip that is tight enough to both grasp and use an item such as a hammer or screwdriver; cannot finger with the left upper extremity; cannot feel with the third, fourth and fifth fingers of the left upper extremity; must avoid all exposure to extreme heat and cold; cannot use air or vibrating tools; must avoid all hazardous conditions or moving machinery which includes motor vehicles, machinery defined as machines that do not have a fixed, permanent base; must avoid exposure to unprotected heights; limited to simple, routine and repetitive tasks, and simple decision-making; no more than occasional interaction with the public, co-workers or supervisors.

(Tr. 27). In making this determination, the ALJ considered plaintiff's medical records, treatment history, and various medical opinions, noting the limitations and restrictions physicians reported about plaintiff's abilities. (Tr. 27-30). In addition, he analyzed plaintiff's reported symptoms, considering his subjective history of complaints in conjunction with the medical evidence. The ALJ found no persuasive evidence that plaintiff's impairments resulted in total debilitation, but rather that plaintiff has severe impairments resulting in functional limitations, but still retains the capacity to perform activities within the residual functional capacity described above. (Doc. 30).

Continuing the analysis, the ALJ concluded plaintiff was not capable of performing his past relevant work as a short order cook, car wash attendant, construction worker, laundry facilities attendant, or tile setter. (Tr. 30-31). Considering plaintiff's age, education, work experience, and RFC, however, the ALJ concluded that jobs exist in significant numbers in the national economy that plaintiff could perform, including fruit distributor, bakery worker, or laminating machine off bearer. (Tr. 31-32). Accordingly, the ALJ concluded that plaintiff was not disabled and had not been under a disability from June 3, 2014, the alleged onset date, to the date of the ALJ's decision. (Tr. 32).

## II. DISCUSSION

### A. Standard of Review and Legal Framework

To qualify for disability benefits, the plaintiff must prove an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Social Security Administration has created a five-step sequential evaluation process to determine an individual's disability status. If a finding of disability or no disability can be found at any step, the analysis is finished and does not proceed to the next step. 20 C.F.R. §404.1520. At Step One, the claimant must prove she is not engaged in substantial gainful activity as defined by work activity done for pay or profit involving significant physical or mental activities. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1527(a)-(b). At Step Two, the claimant must show she suffers from an impairment or a combination of impairments that is severe and meets the twelve month duration requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1509. At Step Three, the claimant may prove her impairment meets or medically equals a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(ii). Establishing a listed impairment will prove disability, but a failure to do so does not defeat the claim. Between the third and fourth steps, the ALJ determines the RFC, which represents the

most the claimant can do despite his limitations. 20 C.F.R. § 404.1545; SSR 96-8P, 1996 WL 374184, at *1 (July 2, 1996). The RFC should be based upon all relevant medical evidence in the record. 20 C.F.R § 404.1520(e). At the fourth Step, the claimant must prove he cannot do his past relevant work. 20 C.F.R § 404.1520(f). At the fifth Step, the ALJ determines whether the claimant can perform other work. The claimant must continue to prove disability, but the Social Security Administration has the burden of providing evidence of jobs existing in significant numbers in the national economy that the plaintiff can perform considering the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1560(c)(2). If the claimant can perform other work, the ALJ will find no disability.

In reviewing a denial of Social Security disability benefits, the Court "must review the entire administrative record to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole." *Johnson v. Astrue*, 628 F.3d 991, 992 (8th Cir. 2011). Substantial evidence is "less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009).

To determine whether there is substantial evidence, the Court must consider evidence that both supports and detracts from the ALJ's conclusion. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012). However, the Court may not reverse the ALJ's final decision as long as that decision falls within the "available zone of choice." *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008). The decision is not outside the zone of choice solely because the Court may have reached a different conclusion had it been the finder of fact. *Id.* Additionally, substantial evidence may exist to support two inconsistent decisions. As long as one of those positions represents the Commissioner's decision, the Court must affirm. *See, e.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996).

C.  **<u>The ALJ's RFC is Not Supported by Substantial Evidence</u>**

Plaintiff argues that the ALJ erred in failing to obtain medical evidence about how plaintiff's impairments affect his ability to perform specific tasks in the workplace. Plaintiff claims the ALJ made his own assumptions about plaintiff's abilities based on the medical records instead of relying on a medical opinion. The government responds that the limitations in the RFC are "logically related" to plaintiff's impairments, arguing that plaintiff has the burden of proving disability. (Doc. 21 at 8).

A disability claimant's RFC is the most he can do despite his limitations. 20 C.F.R. § 416.945(a)(1). In *McCoy v. Schweiker*, the Eighth Circuit defined RFC as the ability to do the requisite work-related acts "day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real word." 683 F.2d 1138, 1147 (8th Cir. 1982) (en banc), *abrogated on other grounds*, 524 U.S. 266 (1998). "The ALJ must determine a claimant's RFC based on all of the relevant evidence." *McGeorge v. Barnhart*, 321 F.3d 766, 768 (8th Cir. 2005). The ALJ should look to medical records, observations of treating physicians and others, a claimant's own descriptions of his limitations, and evidence relating to the claimant's daily activities in determining RFC. *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003). A claimant's subjective complaints may be discounted, if there are inconsistencies in the evidence considered in its entirety. *Id.* at 558.

The claimant has the burden of persuasion to prove disability and to demonstrate RFC throughout the RFC inquiry. *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). However, while it is ultimately a claimant's burden to prove he cannot perform his past relevant work, the burden shifts to the Commissioner at Step Five to demonstrate plaintiff's RFC enables him to perform qualifying work. The determination of a claimant's RFC is a medical issue. *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000); *Ford v. Secretary of Health and Human Services*, 662 F.Supp. 954, 955 (W.D. Ark. 1987). In making such a determination, the ALJ has a duty to fully and fairly develop the record. *Id*. at 857-58. If there is no evidence from a firsthand medical provider on this matter, the Commissioner must fully and fairly develop the record. *Id.* "Failing to

develop the record is reversible error when it does not contain enough evidence to determine the impact of a claimant's impairment on [her] ability to work." *Byes v. Astrue*, 687 F.3d 913, 915-16 (8th Cir. 2012).

When an ALJ has determined at Step Four that a claimant is incapable of performing past work, the ALJ may not draw upon his own inferences from medical reports. *Nevland*, 204 F.3d at 857-58 (citing *Lund v. Weinberger*, 520 F.2d 782, 785 (8th Cir. 1975)). The record contains multiple medical treatment records detailing plaintiff's impairments. However, there is not a single opinion from any provider about how these impairments limit plaintiff's abilities. While the ALJ discusses reasons for discrediting plaintiff's complaints—noting that the complaints are inconsistent (*compare, e.g.*, Tr. 262 declining surgery in June 2014 with Tr. 303 claiming in October 2014 that no one will operate), that plaintiff has been uncooperative with providers (Tr. 319-30), and that plaintiff is able to perform activities of daily living like caring for his son and pet (Tr. 64-65, 167-74)—the ALJ is not permitted to draw upon his own inferences from medical reports. *Nevland*, 204 F.3d at 858.

Once the ALJ determined that plaintiff could not perform his past relevant work, he needed to set forth some discussion of plaintiff's ability to do other work, using some medical opinion evidence. *Nevland*, 204 F.3d at 858. On the administrative record of this case, the only way the ALJ could have determined plaintiff's RFC was to "draw his own inferences from medical reports," which the ALJ may not do under the Social Security Act. *Id.* Because there is no medical evidence in the record on how plaintiff's impairments affect his ability to function in the workplace, the ALJ should have ordered consultative examinations. *See Nevland*, 204 F.3d at 858. The failure of the ALJ to acquire the opinion(s) of a qualified consultative medical source to examine plaintiff and opine on his functional limitations renders the determination by the Administrative Law Judge of plaintiff's RFC unsupported by substantial evidence. The case is remanded to the ALJ for further development of the record.

### III. <u>CONCLUSION</u>

For the reasons set forth in this opinion, the decision of the Commissioner of Social Security is reversed and remanded for further development of the record. An appropriate Judgment Order is issued herewith.

/s/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on March 4, 2019.